**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| William I Thomas,<br>Plaintiff,<br>v.<br>Bank of America,<br>Defendant. | No. CV-26-04476-PHX-MTL<br>**ORDER** |

The Court has considered Defendant Bank of America, N.A.'s Motion to Dismiss the First Amended Complaint. (Doc. 16.) Plaintiff filed a response brief opposing the Motion, and Defendant filed a reply brief. (Docs. 17, 18.) The Court finds that claims asserted in the First Amended Complaint are without basis in fact and law, and therefore frivolous. The Motion will be granted without leave to amend.

**I.**

A motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is more than mere possibility; a plaintiff is required to provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

Although pro se filings are construed liberally, pro se litigants must still comply with the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

**II.**

According to the First Amended Complaint, Plaintiff attempted to extinguish a debt with Defendant when he "tendered a negotiable instrument containing explicit restrictive language to Defendant's principal executive offices to satisfy the obligation." (Doc. 13 ¶ 2.) On the back of the instrument, which appears to be a payment coupon, Plaintiff wrote a lengthy passage that included an "accord and satisfaction of the alleged debt of $34,320." (*Id.* ¶ 11 & Exh. 1.) Unsurprisingly, "Defendant refused [to accept the instrument (i.e., payment coupon)] and destroyed [it]." (*Id.* ¶ 3.) Nowhere does the First Amended Complaint allege that actual payment was tendered to Defendant. Indeed, on the backside of the payment coupon, Plaintiff's statement recites all-too-familiar sovereign citizen codewords, such as "UCC 1-308" and "without recourse," while also describing himself as a "principal" and "agent." (*Id.* Exh. 1.)

The First Amended Complaint asserts two claims against Defendant. The first is titled "Discharge of Debt/Breach of Accord and Satisfaction" and is brought under Arizona Revised Statutes §§ 47-3311(b) and 47-3603(B). (*Id.* ¶¶ 22-29.) The factual allegations and legal theory are implausible because Plaintiff never actually tendered payment to a debt holder. What he offered Defendant a worthless piece of paper. The Motion cites several cases wherein courts have dismissed claims of this nature as frivolous. (Doc. 16 at 5-7.) The Court agrees with the cited authorities. *See, e.g., Bryant v. Washington Mut. Bank*, 524

F. Supp. 2d 753, 760 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008) (finding that the plaintiff's argument that her handwritten "Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail"). The Court will therefore dismiss this claim with prejudice.

The second claim for relief, asserted as unlawful retaliation under the Equal Credit Opportunity Act, necessarily fails. Defendant correctly asserts that Plaintiff lacks standing to assert a claim because he was not an applicant for credit. 15 U.S.C. § 1691a(b) ("The term 'applicant' means any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit."). The civil action established under this Act applies only to an "aggrieved applicant." *Id*. § 1691e(a) ("Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class."). As alleged in the First Amended Complaint, Plaintiff had lines of credit with Defendant, and he even received extensions to two accounts ***after*** he tried to trick Defendant into discharging his sizeable debt. (Doc. 13 ¶ 13) The complained-of conduct amounts to a refusal to fall for Plaintiff's scheme to avoid paying for his already-incurred indebtedness. This claim will be dismissed with prejudice.

## III.

The Court may "exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment.'" *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892-93 (9th Cir. 2010) (citation modified) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is

properly denied [when] amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Plaintiff already had an opportunity to amend his complaint in response to Defendants' first motion to dismiss. (Doc. 9.) The pleading defects were not cured. The Court finds that no further amendment will permit Plaintiff to assert colorable claims because the claims asserted are completely frivolous. Further amendment will only serve to prolong this case and prejudice Defendant, which will be required to expend further resources defending against frivolous claims. Finally, it would tax the limited resources of this Court, which needs to manage its docket and adjudicate actual meritorious claims.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 16) is **GRANTED**. The First Amended Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 2nd day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge